UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re Civil Case Nos.: 13-62467; 13-62634; 13-62510; 13-62536; 13-62522;
13-61990; 13-62660; 13-62440; 12-81178; 13-62641;
13-61576; 13-62603; 13-62508; 13-62489; 13-61997;
13-62456; 13-62591; 13-62576; 13-62368; 13-22868;
13-81138; 13-62431; 13-62404; 13-62265; 13-23010;
13-62166; 13-62191; 13-62328; 13-62328; 13-62474;
13-62466; 13-61879; 13-62279; 13-62229; 13-62377;
13-61970; 13-62381; 13-62318; 12-21014; 13-62357;
13-62297; 13-62299; 13-62316; 13-61523; 13-62314;
13-62394; 13-61695; 13-62387; 13-62187; 13-62257;
13-62158; 13-23760; 13-62338; 13-22290; 13-62270;
13-62216; 13-61825; 13-61809; 13-62084; 13-62198;
13-62241; 13-62039; 13-61617; 13-61929; 13-61798;
13-61766; 13-62125; 13-23119; 13-62073; 13-62050;
13-62021; 13-61289; 13-62025; 13-61086; 13-62018;
13-61917; 13-23173; 13-61960; 13-80849; 13-23072;
13-22956; 13-61905; 13-61891; 13-61673; 13-61910;
13-61772; 13-61770; 13-61581; 13-60639; 13-22877;
13-22943; 13-61659; 13-61750; 13-61829; 13-61548;
13-61747; 13-61189; 13-22762; 13-22750; 13-61386;
13-61643; 13-61683; 13-61716; 13-22838; 13-61427;
13-22652; 13-61624; 13-61687; 13-61602; 13-61362;
13-61605; 13-22356; 13-61409; 13-61197; 13-61243;
13-21529; 13-61358; 13-61494; 13-61303; 13-22053;
13-61147; 13-61154; 13-61201; 13-61050; 13-80022;
13-60349; 13-61092; 13-61225; 13-60957; 13-61112;
13-80440; 13-60659; 13-80466; 13-21634; 13-60911;
13-80397; 13-60967; 13-60757; 13-60887; 13-60219;
13-60153; 12-62384; 13-20357; 13-62502; 13-62349;
13-62677; 12-22539; 13-61933; 12-80870; 12-22487;
13-22043; 13-60651; 13-80458; 13-60927; 13-60976;
13-60627; 13-60429; 13-62673.

_____/

**GENERAL ORDER ON DISCOVERY OBJECTIONS AND PROCEDURES**

This matter is before this Court sua sponte. The Honorable Robin S. Rosenbaum, United States District Judge, referred discovery matters in this case to the

undersigned United States Magistrate Judge.  See 28 U.S.C. § 636(b); see also S.D. Fla. L.R. Mag. R. 1.  In order to efficiently resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery objections before this Court.  In addition, the procedure for filing discovery motions is set forth in Attachment A to this Order and is incorporated herein. This procedure does not apply to any discovery motion currently pending before the undersigned, but shall apply to any motion filed after the date of this Order.

**1. Vague, Overly Broad, and Unduly Burdensome**

The parties shall not make nonspecific, boilerplate objections.  Such objections do not comply with Local Rule 26.1(g)(3)(A), which provides, "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 32, the objection shall state with specificity all grounds." Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and will be found meritless by this Court.  A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad or unduly burdensome.  See Fed. R. Civ. P. 33(b)(4); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). Additionally, if a party believes that a request is vague, the party shall attempt to obtain clarification prior to objecting on this ground.

2

**2. Objections Based Upon Scope**

If there is an objection based upon an unduly broad scope, such as timeframe or geographic location, discovery should be provided as to those matters within the scope that is not disputed.  For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

**3. Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence**

An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence.  The parties are reminded that the Federal Rules allow for broad discovery that need not be admissible at trial.  See Fed. R. Civ. P. 26(b)(1); S.D. Fla. L.R. 26.1(g)(3)(A); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351–52 (1978).

**4. Formulaic Objections Followed by an Answer**

The parties shall not recite a formulaic objection followed by an answer to the request.  It has become common practice for a party to object on the basis of any of the above reasons, and then state, "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection.  This type of objection and answer preserves nothing and serves only to waste the time and resources of the parties and this Court.  Further, such practice leaves the requesting party uncertain as to whether the question actually has been fully answered or

whether only a portion of the question has been answered.  See ABA Civil Discovery Standards at 18–19 (2004), available at, http://www.americanbar.org/content/dam/aba/administrative/litigation/litigation-aba-2004-civil-discovery-standards.authcheckdam.pdf; see also S.D. Fla. L.R. 26.1(g)(3)(A).

**5. Objections Based Upon Privilege**

Generalized objections asserting attorney-client privilege or work-product doctrine also do not comply with the Local Rules.  S.D. Fla. L.R. 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other.  The parties are instructed to carefully review this rule and to refrain from objections such as, "Objection. This information is protected by attorney-client and/or work-product privilege."  If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed to have been waived.

DONE AND ORDERED at Fort Lauderdale, Florida this 16th day of December 2013.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Robin S. Rosenbaum

All Counsel of Record and/or pro se Parties

## ATTACHMENT A

## DISCOVERY PROCEDURE FOR MAGISTRATE JUDGE PATRICK M. HUNT

### MEET AND CONFER

Counsel **must** actually confer (either in person or via telephone) and engage in a genuine effort to resolve discovery disputes **before** filing discovery motions.

### DISCOVERY MOTIONS

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a motion, **no more than 5 pages in length.** The moving party may attach as exhibits to the motion materials relevant to the discovery dispute. For example, if the dispute concerns interrogatories, the interrogatory responses (which restate the interrogatories) shall be filed, with an indication of which interrogatories remain in dispute. Because the parties may attach relevant discovery to the motion, compliance with S.D. Fla. L.R. 26.1(h)(2) or (3) is not required. The movant shall include in the motion a certificate of good faith that complies with S.D. Fla. L.R. 7.1(a)(3).

### RESPONSES TO MOTIONS

The responding party shall file a response to the discovery motion within five (5) days of receipt of the motion. The response shall be **no more than 3 pages in length.** The responding party may attach as exhibits materials relevant to the discovery dispute, as outlined above.

**No reply memoranda are permitted absent specific court order.**

The Court will set a discovery conference on the issues presented if deemed appropriate.

These procedures do not relieve parties of the requirements of any Federal Rule of Civil Procedure or Local Rule except as noted above.

The parties shall notify chambers as soon as practicable if they resolve some or all of the issues in dispute.

### EXPENSES, INCLUDING ATTORNEY'S FEES

This Court reminds the parties and counsel that Federal Rule of Civil Procedure 37(a)(5) requires courts to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

**THIS COURT MAY DECLINE TO CONSIDER A MOTION OR RESPONSE WHICH DOES NOT COMPLY WITH THIS PROCEDURE**