UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 2013-cv-62381-BLOOM-VALLE

JAMAAL ANDERSON, *et al.*,

    Plaintiffs,

v.

BRANCH BANKING AND TRUST COMPANY, as successor in interest to BankAtlantic, LLC,

    Defendant.
_____/

**BRANCH BANKING AND TRUST COMPANY'S MOTION TO COMPEL OR IN THE ALTERNATIVE FOR IN CAMERA INSPECTION OF PLAINTIFFS' PRIVILEGE LOG DOCUMENTS TO DETERMINE IF ANY PRIVILEGE APPLIES AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Branch Banking and Trust Company, as successor in interest to BankAtlantic (hereinafter "BB&T"), files this Motion to Compel or in the Alternative for In Camera Inspection of Plaintiffs' Privilege Log Documents to Determine if any Privilege Applies and Incorporated Memorandum of Law, and as grounds therefore would state:

**I.**    **Factual Background**

1. On December 20, 2013, Defendant, BB&T, served its First Request for Production upon Plaintiffs.

2. On November 17, 2014, Plaintiffs served their initial Privilege Log, a copy of which is attached hereto and incorporated herein by reference as Exhibit "A".

3. On December 18, 2014, the undersigned corresponded with counsel for the Plaintiffs and detailed the outstanding issues that needed to be addressed regarding the Plaintiffs' Privilege Log. A copy of the letter is attached hereto and incorporated herein as Exhibit "B".

4. Specifically, BB&T noted in its correspondence to the Plaintiffs' counsel that many documents were initially claimed to be privileged based upon the accountant-client privilege. The referenced documents listed as privileged mainly consisted of correspondence between Plaintiffs and Ed Rappaport who is not a certified public accountant.

5. On January 5, 2015, in response to the December 18, 2014 correspondence, Plaintiffs served a revised Privilege Log, a copy of which is attached hereto and incorporated herein by referenced as Exhibit "C".

6. On January 29, 2015 BB&T sent another letter continuing to note the facial deficiencies in the revised log, a copy of which is attached hereto and incorporated herein as Exhibit "D".

7. The most concerning issues in the revised log are that the descriptions are conclusory and that the attorney-client privilege is now asserted for many documents that were previously asserted to be protected by the accountant-client privilege. A listing of all document identifiers is attached hereto as Exhibit "E".

8. A review of the revised Privilege Log reflects a newly created claim for privilege. The Plaintiffs appear to have merely changed the privilege associated with Mr. Rappaport from accountant-client to attorney-client, despite the fact that the attorney-client privilege was never before asserted.

9. Moreover, on February 16, 2015, Plaintiffs' counsel voluntarily produced numerous additional documents previously identified as privileged and certified that all

documents not produced but listed as privileged, were in fact privileged and remained privileged. A copy of the email transmitting the documents is attached hereto and incorporated herein by reference as Exhibit "F".

10. On its face, the revised log lacks sufficient specificity to allow BB&T to adequately assess the applicability of the newly asserted privilege or resulting production of the documents listed.

11. Nonetheless, from the limited information provided by Plaintiffs, BB&T disagrees with Plaintiffs' claims that the listed documents are exempted from production pursuant to the attorney-client privilege, or any other valid privilege.

12. Numerous entries as detailed above in the revised log now contain purported privileged communications between Mr. Rappaport and the Plaintiffs with Mr. Rappaport referenced as the Plaintiffs' attorney rather than their CPA.

13. Upon information and belief Edward Rappaport is not admitted to the Florida Bar, but may be licensed to practice law in the State of Georgia.

14. Likewise, none of the Plaintiffs has asserted in his deposition testimony that Mr. Rappaport was his lawyer or that he sought legal advice from him.

15. To the contrary, the Plaintiffs have identified Mr. Rappaport to be associated with Pro Sports Financial, Inc. and solely responsible for preparing tax returns and providing related services.

## II. MEMORANDUM OF LAW
### A. NO VALID PRIVILEGE

It is axiomatic to establishing a claim for privilege that a valid privilege must exist. In the case at hand there is simply no privilege that will sustain the Plaintiffs' purported attempt to cloak documents in the veil of the attorney-client privilege.

In determining the existence of the attorney-client privilege, the first consideration is whether a valid attorney-client relationship existed at the time of the communication in question. Not every communication between a layman and a lawyer occurs in the context of a valid attorney-client relationship. *Skorman v. Hovanian of Fla., Inc.*, 382 So. 2d 1367, 1378 (Fla. 4th DCA 1980); *United States v. United Shoe Machinery Corporation,* 89 F.Supp 357 (D. Ma. 1950). Questions may arise on the periphery of this issue, such as whether the attorney had actually been retained by the putative client. *Quail Cruises Ship Management, Ltd. v. Agencia de Viagens CVC Limitada*, No. 09-23248-CIV, 2010 WL 2926042, *5 (S.D. Fla. July 23, 2010). Often, however, the existence of the attorney-client relationship will not be in dispute, but other elements of the privilege will be. This is not the circumstance in this case as none of the Plaintiffs have identified Mr. Rappaport as his attorney. As a result, the attempted assertion of the privilege fails and the Court need not look further.

However, even if one of the Plaintiffs were to assert that Mr. Rappaport was his lawyer at the time the subject communication was made, the Plaintiff would have to establish requisites for the existence of an attorney-client privilege have been judicially defined as follows: (1) the asserted holder of privilege is or sought to become client; (2) person to whom communication was made is member of bar of court, or his subordinate and in connection with communication is acting as lawyer; (3) communication relates to fact of which attorney was informed by his client without presence of strangers for purpose of securing primarily either opinion on law of legal services or assistance in some legal proceeding, and not for purpose of committing crime or tort; and (4) privilege has been claimed and not waived by client. *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682 (S.D. Fla. 2010); *Victor Stanley, Inc. v. Creative Pipe, Inc*, 250 F.R.D. 251 (D. Md. 2008).

In the present matter, the foregoing elements necessary to establish the attorney-client privilege simply do not exist. First, Mr. Rappaport was not acting as the Plaintiffs' lawyer. The Plaintiffs all but concede this issue by asserting the accountant-client privilege in their initial privilege log. Second, the communications withheld are not for the purpose of securing legal services in a legal proceeding. Rather, the subject communications were provided in order to secure financial services. Therefore, there is no basis for the assertion of the attorney-client privilege. In sum, the elements of the attorney-client privilege which include: (1) a client (2) who seeks legal advice (3) from a lawyer (4) in circumstances indicating that the communications between lawyer and client for that purpose are made in confidence; are absent in this circumstance.

### B. ATTORNEY WEARING ACCOUNTANT HAT

When an attorney is deemed to be wearing the hat of an accountant, and engaging in tax related services, such is indicative of an accountant-client relationship, rather than an attorney-client relationship, and therefore the communications are not privileged. Further, a taxpayer must not be allowed, by hiring a lawyer to do the work that an accountant, or other tax preparer, or the taxpayer himself, normally would do, to obtain greater protection from government investigators, by invocation of attorney-client or work-product privilege, than a taxpayer who did not use a lawyer as his tax preparer. *U.S. v. Frederick*, 182 F.3d 496 (7th Cir. 1999).

In this case, the Plaintiffs wrongly attempted to cloak numerous documents in the veil of the accountant-client privilege. See Exhibits "A and C" attached hereto. The problem with that assertion is that Mr. Rappaport is not a Certified Public Accountant and therefore that privilege could <u>never</u> apply. Nevertheless, the Plaintiffs subsequently attempted to cloak the same communications under the veil of the attorney-client privilege. Although the log and revised log

lack the detail necessary to allow BB&T to facially address these claims; the court need not peek behind the false veil to determine that no valid privilege exists.

As noted in *U.S. v. Frederick*, 182 F.3d 496 (7th Cir. 1999), a taxpayer must not be allowed, by hiring a lawyer to do the work that an accountant, or other tax preparer, or the taxpayer himself, normally would do, to obtain greater protection by invocation of attorney-client privilege, than a taxpayer who did not use a lawyer as his tax preparer.

### C. REVISED PRIVILEGE LOG IS INSUFFICIENT

The plain meaning of Rule 26(b)(5)(A) requires a party that "withholds information otherwise discoverable by claiming that the information is privileged . . . to make the claim and describe the nature of the documents that "will enable other parties to assess the claim."  In the present situation, the Privilege Log and the Revised Privilege Log fail to describe the nature of the communications in sufficient detail to allow BB&T to assess the purported claims of privilege.  *See* Plaintiffs' Revised Privilege attached as Exhibit "C".

It is plain from the face of the Revised Privilege Log that the purpose and intent of Fed.R.Civ.P. Rule 26(b)(5) are not met.  Neither the initial privilege log nor the revised log provide sufficient detail to allow BB&T to assess the purported claims.  The deficiencies are clearly addressed and the Plaintiffs were notified not once, but twice, of the numerous defects in the logs.  *See* Exhibits "B and D".

As a result of the Plaintiffs' failure to comply with the Federal Rules, BB&T has suffered prejudice.  Numerous documents have been withheld from production and BB&T has been forced to engage in needless time and expense to force the Plaintiffs to comply with basic precepts of discovery practice.

### D. FAILURE TO COMPLY WITH RULE 26(b)(5)(A) CONSTITUTES WAIVER

Further, when it is clear to the Court from the face of the privilege log that the party asserting the privilege fails to sufficiently describe the communication, the Court may find that the asserting party waived the privilege. *Victor Stanley, Inc.,* 250 F.R.D. 251. Here the Plaintiffs have made not one but two attempts to properly assert a valid privilege and provide a privilege log that complies with the requirements of Rule 26(b)(5)(A). The Plaintiffs have failed to do so and the flawed assertion of an invalid accountant-client privilege followed by the false assertion of an invalid attorney-client privilege for the same documents cannot be a good-faith attempt to comply with discovery obligations.

Although it is generally recognized that the attorney-client privilege belongs to the client rather than the attorney, as a practical matter in the ordinary course of litigation, the attorney is deemed to act in the client's behalf and is generally the one to assert the privilege. *Republic Gear vs. Borg-Warner* Corporation 381 F.2d 551. Accordingly, when documents are withheld from disclosure on the ground of attorney-client privilege, each such document should be identified, and enough additional information should be provided to enable the requesting party to assess and possibly challenge the privilege claim.

Finally, the burden is on the proponent of the attorney-client privilege to demonstrate its applicability; the proponent must establish not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived. *In re Grand Jury Subpoena*, 341 F.3d 3331, 62 Fed.R. Evid. Serv. 190 (4th Cir. 2003). In sum, based upon the foregoing, no privilege exists to form the basis for withholding the documents initially claimed to be protected by the accountant-client privilege and later asserted to be attorney-client privileged communications. Moreover, assuming arguendo that a valid privilege exists, the Plaintiffs' repeated failure to comply with Rule 26 (b)(5)(A) constitutes a

waiver of any purported privilege. Accordingly, all improperly withheld documents should be immediately produced to avoid further delay and prejudice to BB&T.

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1, counsel for BB&T conferred with counsel for Plaintiffs to resolve the issues raised in BB&T's Motion to Compel or in the Alternative for in Camera Inspection of Plaintiffs' Privilege Log Documents to Determine if any Privilege Applies; however, the parties were unable to reach an agreement.

WHEREFORE, Defendant, Branch Banking and Trust Company, as successor in interest to BankAtlantic, respectfully requests this Court to enter an Order granting BB&T's Motion to Compel or in the Alternative for in Camera Inspection of Plaintiffs' Privilege Log Documents to Determine if the Privilege Applies to the documents identified above, ordering the Plaintiffs to submit the documents under seal, and grant any and all other relief this Court deems just and proper.

Respectfully submitted this 6th day of April, 2015.

Respectfully submitted,

*/s/ David S. Hendrix, Esq.*
David S. Hendrix, Esq.
Florida Bar No. 827053
David.Hendrix@gray-robinson.com
GRAY ROBINSON, P.A.
401 E. Jackson Street, Suite 2700 (33602)
Post Office Box 3324
Tampa, Florida  33601-3324
(813) 273-5000
(813) 273-5145 (fax)
and
Alexandra de Alejo, Esq.
Florida Bar No. 43108
Alexandra.dealejo@gray-robinson.com
GRAY ROBINSON, P.A.
333 SE 2nd Avenue, Suite 3200

>Miami, Florida 33131
>Phone: 305-416-6880
>Fax: 305-416-6887
>*Attorneys for BB&T*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic service on this 6th day of April, 2015 to:

Matthew G. Brenner
Ronald D. Edwards, Jr.
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
215 North Eola Drive
Post Office Box 2809
Orlando, FL 32802
Matt.brenner@lowndes-law.com
Ronny.edwardsjr@lawndes-law.com
Tracy.kennison@lowndes-law.com
litcontrol@lowndes-law.com

Elizabeth P. Kagan
Andrew T. Kagan
8191 College Parkway, Suite 303
Fort Myers, FL 33919
liz@kagan-law.com
andrew@kagan-law.com

Laurence M. Landsman
Block & Landsman
33 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
larry@block-landsman.com

>*/s/ David S. Hendrix, Esq.*
>David S. Hendrix, Esq.