UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CV-62381-BLOOM/VALLE

JAMAAL ANDERSON, *et al.*,

    Plaintiffs,

v.

BRANCH BANKING AND TRUST
COMPANY, as successor in interest to
Bank Atlantic, LLC,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant's Motion to Compel or in the Alternative for an In Camera Inspection of Plaintiffs' Privilege Log ("Motion") (ECF No. 110). All discovery disputes have been referred to the undersigned by United States District Judge Beth Bloom for disposition. (ECF No. 57). The Court has reviewed the Motion, Plaintiffs' Response (ECF No. 121), and Defendant's Reply (ECF No. 127), and is otherwise duly advised in the premises. For the reasons set forth below, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

    I.    **BACKGROUND**[1]

On December 20, 2013, Defendant served its first request for production on Plaintiffs. (ECF No. 110 at 1). Almost a year later, on November 17, 2014, Plaintiffs served a privilege log. *Id.*; *see also* (ECF No. 110-1). On December 18, 2014, Defendant's counsel sent a letter to

---

[1] This background is taken from Defendant's Motion, which Plaintiffs do not dispute in their Response. *Compare* (ECF No. 110) *with* (ECF No. 121).

Plaintiffs' counsel outlining various alleged deficiencies in the privilege log.  *See* (ECF No. 110-2).  In particular, Defendant challenged Plaintiffs' assertion of the accountant-client privilege regarding various communications involving Ed Rappaport (the "Rappaport documents"), because he is not a certified public accountant.  *Id.* at 1 (citing FLA. STAT. § 90.5055).

Accordingly, on January 5, 2015, Plaintiffs served a revised privilege log in which they changed the privilege designation for the Rappaport documents from the accountant-client privilege to the attorney-client privilege.  (ECF No. 110 at 2); *see also* (ECF No. 110-3).  On January 29, 2015, Defendant's counsel sent another deficiency letter challenging the newly asserted attorney-client privilege claims.  (ECF No. 110-4 at 1).  Several weeks later, on February 16, 2015, Plaintiffs' counsel produced numerous additional documents that they had previously withheld as privileged, while stating that the remaining documents being withheld had been "confirmed" as privileged.  (ECF No. 110-6 at 1-2).

Defendant now moves to compel production or for an in camera inspection of the Rapport documents.  (ECF No. 110).  As grounds, Defendant argues that: (1) Plaintiffs have not established that the attorney-client privilege applies to the Rappaport documents, *id.* at 3-4; (2) when an attorney wears "the hat of an accountant, and engag[es] in tax related services," the attorney-client privilege does not apply, *id.* at 5-6; (3) Plaintiffs' revised privilege log lacks sufficient information to enable Defendant to assess Plaintiffs' claims under Federal Rule of Civil Procedure 26(b)(5)(A), *id.* at 6; and (4) Plaintiffs' failure to provide sufficient specificity constitutes a waiver of the privilege, *id.* at 6-8.

Although Plaintiffs have filed a Response to Defendant's Motion, Plaintiffs' Response does not specifically address any of Defendant's legal arguments.  *See* (ECF No. 121).  Nor does

it contain a memorandum of law as required under Local Rule 7.1(c) or ask the Court to *deny* Defendant's Motion.  *See id.*  Instead, Plaintiffs' Response concedes that mistakes were made during their document production and invite the Court to conduct an in camera review. *Id* at 2-3.

According to Plaintiffs, given that "tens of thousands of documents" had to be "reviewed, coded, and categorized," "multiple reviewers were tasked with reviewing and coding documents." *Id.* at 2.  Despite Plaintiffs' counsel's best efforts, "not all of the reviewers coded the documents consistently." *Id.*  In fact, "during the early stages of the case, some coders mistakenly believed that Mr. Rappaport was a CPA and that the accountant/client privilege applied." *Id.*  "Others initially coded every communication with Mr. Rappaport as privileged based upon his status as an attorney without closely examining the communications." *Id.* at 2-3.  As a result of these mistakes, Plaintiffs' counsel has been "cooperating to resolve any privilege issues and . . . continues to attempt to do so through [the] response." *Id.* at 3.  "For ease of reference," Plaintiffs have grouped the disputed documents into nine different categories and invite the Court to conduct an in camera review. *Id.*

**II.     DISCUSSION**

Under Rule 26(b)(5)(A), when a party withholds information as protected from disclosure under the attorney-client privilege or work product doctrine, "the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Local Rule 26.1(g)(3)(C), for its part, requires the preparation of a privilege log.  As this Court has explained, a privilege log "should identify each document and the individuals who

were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed."[2] *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-CV-20756, 2014 WL 4545918, at *5 (S.D. Fla. Sept. 12, 2014) (citing *In re Denture Cream Prods. Liab. Litig.,* No. 09–2051–MD, 2012 WL 5057844, at *9 (S.D. Fla. Oct.18, 2012)).  Specifically, a proper privilege log should contain the following information for each withheld document:

> (1) the name and job title or capacity of the author of the document;
>
> (2) the name and job title or capacity of each recipient of the document;
>
> (3) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than the author(s);
>
> (4) the title and description of the document;
>
> (5) the subject matter addressed in the document;
>
> (6) the purpose(s) for which it was prepared or communicated; and
>
> (7) the specific basis for the claim that it is privileged.

*Id.* (citation omitted).

In this case, Plaintiffs' revised privilege log does not provide sufficient information for Defendant—let alone this Court—to assess their newly-asserted claim that the Rappaport documents are privileged attorney-client communications. *See* (ECF No. 110-3).  For instance, Plaintiffs claim that the document labeled P-64266 is an attorney-client privileged email sent by Rappaport to Frederick Taylor on September 20, 2011 "regarding draft letter to Russel Wright, Center Stage." *Id.* at 25.  A second example is the document labeled P-64375, which Plaintiffs

---

[2] Importantly, the party claiming the privilege "'has the burden of establishing all of its essential elements.'" *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1287 (S.D. Fla. 2012) (quoting *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636 (S.D. Fla. 2011)). Conclusory statements do not suffice. *CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93–132–CIV–J–10, 1995 WL 855421, *3 (M.D. Fla. July 20, 1995).

claim is a privileged email sent by Rappaport to Taylor on October 27, 2011 "regarding conversation with Chuck Taylor." *Id.*  A third example is the document labeled P-64457, which Plaintiffs claim is a privileged email sent by Rappaport to Taylor on February 7, 2011 "regarding letter to Troy Bank."[3] *Id.* at 26.

Aside from the fact that these emails were sent by an attorney (Rappaport), nothing else in these entries suggests that these emails are privileged attorney-client communications rendered in connection with legal services, as opposed to non-legal services.[4] *See, e.g.*, *Genovese v. Provident Life & Accident Insurance Company*, 74 So. 3d 1064, 1067 (Fla. 2011) ("'[I]f a communication with a lawyer is not made with him in his professional capacity as a lawyer, no privilege attaches.'").  None of these entries provide sufficient information about the subject matters being addressed or the purpose for which the emails were sent. *See Cold Stone Creamery, Inc.*, 2014 WL 4545918 at *5.  Without such information, neither Defendant nor this Court can properly assess Plaintiffs' privilege claims.  Thus, Plaintiffs' privilege log is inadequate.

That being said, "the confidentiality of attorney-client communications 'is an interest traditionally deemed worthy of maximum legal protection.'" *Trujillo v. USAA Cas. Ins. Co.*, No.

---

[3] While Plaintiffs' privilege log is riddled with deficiencies, the Court provides only a sampling of some of the log's shortcomings for guidance.

[4] Indeed, the majority of Plaintiffs do not appear to know that Rappaport is even an attorney.  For example, according to the deposition excerpts submitted by Defendant, eight Plaintiffs testified that Rappaport was their "tax guy" or "CPA," but only one Plaintiff testified that Rappaport was his "tax attorney." *Compare* (ECF No. 127-1 at 2) (Plaintiff Portis testifying that Rappaport was "a tax guy"), *id.* at 6 (Plaintiff Meriweather testifying that Rappaport was "the tax guy"), *id.* at 8 (Plaintiff Gaffney testifying that Rappaport did his taxes from 2002-2010), *id.* at 10 (Plaintiff Kearse testifying that Rappaport did his taxes), *id.* at 12 (Plaintiff Sheppard testifying that Rappaport did his taxes), *id.* at 14 (Plaintiff Lewis testifying that Rappaport did his taxes), *id.* at 21 (Plaintiff Gooden testifying that Rappaport did his taxes), *and id.* at 23 (Plaintiff Anderson testifying that Rappaport was his "CPA"), *with id.* at 15 (Plaintiff Warren testifying that Rappaport is a "tax attorney").

11-80320-CIV, 2012 WL 3516511, at *2 (S.D. Fla. Aug. 14, 2012) (quoting *State Farm Fla. Ins. Co. v. Puig*, 62 So.3d 23, 27 (Fla. 3d DCA 2011)).  Thus, "[w]hile a persuasive argument can be made that 'enough is enough' and [Plaintiffs] should be required to turn over all the documents listed on the privilege logs, the Court is reluctant to pursue such a draconian course, in spite of its superficial appeal."  *CSX Transp. Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 (M.D. Fla. July 20, 1995).

Nor will the Court grant Defendant's motion (or Plaintiffs' invitation) for an in camera review at this time.  *See MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 627 (S.D. Fla. 2013) ("[I]t is wise for the Court to not consider an *in camera* review until the party asserting privilege has done all that it reasonably could to establish privilege."); *see also Campero USA Corp.*, 916 F. Supp. 2d at 1288 n.4 ("*In camera* review 'is not to be used as a substitute for a party's obligation to justify its withholding of documents. Such a procedure is appropriate only after the burdened party has submitted detailed affidavits and other evidence to the extent possible.'") (quoting *CSX Transp., Inc.*, 1995 WL 855421 at *5); *United States v. Davita, Inc.*, 301 F.R.D. 676, 681 (N.D. Ga. 2014) (citing *U.S. v. Zolin,* 491 U.S. 554, 571-72 (1989)) (explaining that an in camera review "is not a basis upon which any party can shift a burden to the Court that they should bear themselves").  Although the Court is mindful of the upcoming July 13, 2015 trial date, *see* (ECF No. 57), that does not relieve Plaintiffs from complying with their discovery obligations.  Accordingly, Plaintiffs shall properly review the challenged Rappaport documents and provide Defendant with a revised privilege log that complies with this Order.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Compel or in the Alternative for an In Camera Inspection of Plaintiffs' Privilege Log (ECF

No. 110) is **DENIED WITHOUT PREJUDICE**. By **Tuesday, May 26, 2015**, Plaintiffs shall serve a revised privilege log that provides sufficient information to enable Defendant to assess Plaintiffs' privilege claims with respect to the Rappaport documents.

To the extent Defendant still has a good faith belief that Plaintiffs' privilege claims are improper after reviewing Plaintiffs' revised privilege log, the parties shall meet in person to discuss each disputed entry in a good faith effort to resolve the dispute without court involvement by **Tuesday, June 2, 2015**. Should any issues remain unresolved after the parties' meet and confer, Defendant may renew its Motion as necessary.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on May 14, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record